## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff-Respondent,**

**vs.**                                       **Case No. 05-CR-1618-MCA**

**DANIEL ROJAS,**

      **Defendant-Petitioner.**

## MR. ROJAS'S MOTION TO SET ASIDE THE JUDGMENT AND CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Petitioner Daniel Rojas, through undersigned counsel, Assistant Federal Defender Thomas Jameson, respectfully moves this Court to vacate its judgment and correct his sentence pursuant to 28 U.S.C. § 2255. Specifically he asks this Court to set aside its prison term of 24 years imposed after finding that he discharged a firearm during an alleged crime of violence, a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). As Mr. Rojas explains in more detail, Hobbs Act robbery would qualify as a crime of violence only by using the definition in § 924(c)(3)(B)'s residual clause. According to the Supreme Court's reasoning in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that clause now is unconstitutionally vague. Therefore, after *Johnson*, Mr. Rojas's § 924(c) conviction is unlawful. He asks this Court to vacate that conviction and the sentence for that offense. He also requests that he be re-sentenced on the only other count to which he pleaded guilty, robbery.

## I.      Background

Mr. Rojas  was convicted of one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and of discharging a dangerous weapon during that alleged crime of violence, contrary to 18 U.S.C. § 924(c)(1)(A)(iii).  The § 924(c) conviction increased Mr.Rojas's imprisonment term by 10 years.  § 924(c)(1)(A)(iii); see also Doc. 32, ¶6 (a) (plea agreement).  To be convicted under § 924(c), there must be proof that the predicate offense  – here, Hobbs Act robbery – was a "crime of violence" as defined in § 924(c)(3).  There  "crime of violence" is defined as a felony that –

(A) has as an element the use, attempted use, or threatened use of physical for against the person or property of another, or

(B)  by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Mr. Rojas's § 924(c) conviction must be vacated because his predicate offense – Hobbs Act robbery –  could qualify as a crime of violence only under the residual clause of § 924(c)(3)(B), which *Johnson* has made unconstitutional.

## II.     Statement of the Facts

A grand jury charged Mr. Rojas with five federal criminal offenses.  In two counts it alleged he committed Hobbs Act robbery in violation of 18 U.S.C. § 1951(a)(1).  Doc. 16 (Counts 1, 3).[1]  Each of those counts were followed by 18 U.S.C. § 924 (c) counts.  In those the grand jury alleged Mr. Rojas either brandished (Court 2) or discharged a firearm (Count 4)

---

[1]"Doc." refers to the District Court Clerk's Record and is followed by the docket control number; "PSR" refers to the presentence report.  Att. followed by a letter refers to documents attached to this pleading.

during the alleged robberies.  In the final count, it charged Mr. Rojas with being a felon in possession of a firearm.  Doc. 16 (Count 5).

After negotiating a plea agreement with the government, Mr. Rojas pleaded guilty to Counts 3 and 4.  Att. B; Doc. 32.  In that agreement the parties stipulated to an imprisonment term of 24 years.  They agreed that Mr. Rojas should receive a 14 year term for the Hobbs Act robbery charged in Count 3 and another 10 years for discharging a firearm during that "crime of violence" as charged in Count 4.  Doc. 32, ¶ 6(a).  If the Court accepted the plea agreement, it would be bound by Fed.R.Crim.P 11(c)(1)(C) to impose the stipulated prison term.  On July 10, 2006, after accepting the plea agreement, this Court sentenced Mr. Rojas to a term of 24 years. Doc. 40; Att.  A.

This is Mr. Rojas's first motion under 28 U.S.C. § 2255.  According to the Bureau of Prisons website, his current release date is July 26, 2027.

### III.    Basis for § 2255 Relief

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Such a motion may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C.

§ 2255(f)(3).  Mr. Rojas's motion has been timely filed within one year of the decision in

*Johnson*.

## IV.   Discussion

### A.   Introduction

On June 26, 2015, the Supreme Court declared the residual clause of the Armed Career

Criminal Act (ACCA)[2] – "or otherwise involves conduct that presents a serious potential risk of

physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii) – to be "unconstitutionally vague"

because the "indeterminacy of the wide-ranging inquiry required by the residual clause both

denies fair notice to defendants and invites arbitrary enforcement by judges."  *Johnson*, 135 S.

Ct. at 2557.  Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of

law."  *Id.*  The Court pointed out that, first, the residual clause "ties the judicial assessment of risk

to a judicially imagined 'ordinary case' of a crime, not to real world facts or statutory elements,"

---

[2]The Armed Career Criminal Act provides for a minimum mandatory 15-year sentence
for defendants who have three qualifying prior convictions for violent felonies. 18 U.S.C. §
924(e). The term "violent felony" is defined as:

> any crime punishable by imprisonment for a term exceeding one
> year, or any act of juvenile delinquency involving the use or
> carrying of a firearm, knife, or destructive device that would be
> punishable by imprisonment for such term if committed by an
> adult, that–
>
> (i) has as an element the use, attempted use, or threatened use of
> physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or
> otherwise involves conduct that presents a serious potential risk of
> physical injury to another[.]

§ 924(e)(2)(B).

4

yet offers no guidance as to how "one go[es] about deciding what kind of conduct the 'ordinary case' of a crime involves." *Id.* Second, it "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. Accordingly, the Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011). 135 S. Ct. at 2562-63. In *Welch v. United States*, the Court explicitly held that *Johnson* applies retroactively to cases on collateral review. 136 S.Ct. 1257 (2016).

Following these decisions, Hobbs Act robbery no longer is a crime of violence and cannot be used as a predicate offense for finding that Mr. Rojas violated § 924(c)(1)(A)(iii). As *Welch* emphasized, Mr. Rojas's habeas claim which relies on *Johnson* is cognizable and sound. Therefore, the Court must set aside the conviction on Count 4 and re-sentence him on Count 3 only.

**B.     Hobbs Act robbery is not a crime of violence as defined in the elements clause of § 924(c)(3)(A).**

In Subsection 1, below, Mr. Rojas argues that Hobbs Act robbery does not come within the definition of crime of violence in § 924(c)(3)(A) – the so-called elements clause. Consequently, here, the robbery became a crime of violence only through the definition in § 924(c)(3)(B) – the so-called residual clause. In Subsection C, below, Mr. Rojas will show that a conviction for violating § 924(c) using the residual clause no longer is valid after *Johnson v. United States* and must be vacated.

5

**1.      The predicate offense, Hobbs Act robbery, could have qualified as a crime of violence only under the residual clause.**

Since Hobbs Act robbery is not a crime of violence as defined in § 924(c)(3)(A)'s elements clause, Mr. Rojas's robbery conviction could only have been a predicate offense for a § 924(c) charge by using the residual clause. Here, Mr. Rojas explains why robbery does not come within crime of violence definition.

To begin with, a court deciding whether an offense is a "crime of violence" according to § 924(c)(3) must apply a "categorical approach," and examine the statutory elements of the offense, not the facts of the defendant's offense. *United States v. Serafin*, 562 F.3d 1105, 1108 (10th Cir. 2009); *United States v. Munro*, 394 F.3d 865, 870 (10th Cir. 2015).[3] Using this approach the court "look[s] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). An offense is only a crime of violence if the statute of conviction "necessarily" requires every defendant convicted under it to engage in a crime of violence; in other words, regardless of the defendant's actual conduct, a court "must presume that the conviction rested on nothing more than the least of the acts criminalized." *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) (internal punctuation omitted).

---

[3] *See also United States v. McNeal*, ___ F.3d ___, 2016 WL 1178823, *8 (4th Cir. 2016) (holding that "the categorical approach" applies in § 924(c) cases); *United States v. Ivazaj*, 568 F.3d 88, 97 (2d Cir. 2009) (same); *United States v. Velazquez–Overa*, 100 F.3d 418, 420 (5th Cir.1996) ("[T]he phrase 'by its nature' compels a categorical approach to determining whether an offense is a crime of violence under Section 16(b)."); *United States v. Aragon*, 983 F.2d 1306, 1312 (4th Cir. 1993) (holding that the phrase "by its nature" in the text of § 924(c) "directs the court to look to the generic nature of an offense"); *United States v. Springfield*, 829 F.2d 860, 862–63 (9th Cir. 1987) (holding that "the express language of section 924(c) indicates that the proper standard" is "a categorical 'nature of the offense' test" based on "the definition in the statute").

A categorical analysis of Hobbs Act robbery shows that it could only qualify as a crime of violence under the residual clause in § 924(c)(3)(B).  This form of robbery punishes a person who "in any way or degree obstructs, delays, or affects commerce . . . by robbery." 18 U.S.C. § 1951(a). The statute then defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b).  Because this offense can be committed with minimal contact it does not have an as element the use, attempted use, or threatened use of physical force and therefore does not qualify as a crime of violence.

> a.      *Hobbs Act Robbery Can Be Committed With De Minimis Force.*

A conviction for Hobbs Act Robbery does not require sufficient violence to qualify as a crime of violence under the elements clause.  An offense is not a crime of violence according to the elements clause unless it can only be committed by using, attempting to use, or threatening to use "violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 139 (2010) (*Johnson I*).  But a person can commit Hobbs Act robbery without using force that would cause physical pain or injury.

This is so because Hobbs Act Robbery is a just common-law robbery that affects interstate commerce.  *See United States v. Peterson*, 236 F.3d 848, 851 (7th Cir. 2001) (proof that robbery affects interstate commerce is what "differentiates Hobbs Act violations from common law robbery."), *abrogated on other grounds by Taylor v. United States*, __ U.S. ___, 2016 WL 3369420 (June 20, 2016); *United States v. Harrington*, 108 F.3d 1460, 1471 (D.C. Cir. 1997) (looking to common law robbery definition to decide when Hobbs Act robbery was

complete); *United States v. Nedley*, 255 F.2d 350, 357 (3d Cir. 1958) (holding that robbery under the Hobbs Act is common law robbery and it defines the elements of Hobbs Act robbery).   At common law, no particular "degree of force" was required; all the prosecution had to show was that the force "overcome [any] resistance" to the taking.  4 Wharton's Criminal Law § 460 (15th ed. & 2015 Update).  Wrenching a pocketbook out of another's hand was sufficient force to constitute a robbery, even if that person suffered no pain or injury.  *See e.g.*, *Williams v. Commonwealth*, 50 S.W. 240 (1899) ("It is not necessary that a blow should be struck or the party be injured.").  Moreover, common-law courts held that, if an item was fastened to a piece of clothing, the clothing offered "resistance" and the act of pulling the item off the clothing was "force" sufficient to sustain a robbery conviction.  *See e.g.*, *People v. Campbell*, 84 N.E. 1035, 1036–37 (Ill. 1908) (robbery conviction affirmed where defendant "jerked" at another's pin which was fastened to his shirt).  Because common-law robbery could be committed without violent force, and Hobbs Act robbery is equivalent to common-law robbery, the latter fails to satisfy the elements clause.

Federal case law confirms that Hobbs Act robbery can be committed without violent force.  For example, in *United States v. Smith*, 141 F. App'x 83 (4th Cir. 2005) (unpublished), the defendant was convicted of Hobbs Act robbery when the only "force" he used was pushing someone out of the way.  In *United States v. Pledge*, 51 F. App'x 911 (4th Cir. 2002), the defendant (a police officer) was convicted of Hobbs Act robbery where he took property from drug dealers by threatening to arrest them if they did not submit.  And, in *United States v. Snell*, 432 F. App'x 80, 85 (3d Cir. 2011), the court held that a police officer used sufficient force for conviction of Hobbs Act Robbery when he handcuffed a motorist, took money from the

motorist's pocket, placed the motorist in the back of a squad car, and blocked him from getting

out.  Finally, in *United States v. Rodriguez*, 925 F.2d 1049, 1052 (2d Cir. 1991), the Court found

sufficient force for conviction under a federal statute punishing the robbery of postal workers

(which also incorporated the common-law definition of robbery) where the defendant took keys

attached to the victim's clothing by pulling on them.  None of these cases involved the use

"violent force . . . capable of causing physical pain or injury." *Johnson I*, 599 U.S. at 139.

Similarly, courts have found that common law robbery in state statutes are not crimes of

violence under the elements clause.  In *United States v. Gardner*, ___ F.3d ___, 2016 WL

2893881 (4th Cir. May 18, 2016), the Fourth Circuit held that "North Carolina common law

robbery" was not a crime of violence as defined in the elements clause.  The court explained that

offense does not have as an element the use, attempted use or threatened use of physical force

because it can be committed with even *"de minimis* contact."  *Id*. at *7.  It emphasized that the

degree of force used is "immaterial" so long as it "is sufficient to compel the victim to part with

his property."  *Id*.  To make its point, the court cited cases where pushing a person's hand off a

carton of cigarettes and shoving the shoulder of a clerk to grab a television were enough contact

for a conviction.  *Id*.  Accordingly, the court held that North Carolina robbery did not necessarily

require the violent force necessary for such a conviction to qualify under the elements clause.  *Id*.

at *7-8.

Similarly, in *United States v. Parnell*, 818 F.3d 974, 981 (9th Cir. 2016), the Ninth

Circuit held that a Massachusetts armed robbery conviction did not qualify as a predicate felony

under the elements clause.  The court held, first, that the "force and violence" element of

Massachusetts robbery did not imply "violent force" within the meaning of *Johnson I*  because,

under Massachusetts law, "the degree of force is immaterial so long as it is sufficient to obtain the victim's property against his will." *Id*. at 978. Further, the requirement that the defendant possess a dangerous weapon during the offense did not imply violent force because Massachusetts law did not call for proof that the defendant used the weapon to complete the robbery. *Id*. at 980.

Finally, in *In re Sealed Case*, 548 F.2d 1085 (D.C. Cir. 2008), the D.C. Circuit held that a District of Columbia robbery conviction failed to qualify as a crime of violence under the elements clause. There the court was examining the elements clause in United States Sentencing Guidelines § 4B1.2(a)(1) which uses the same definition as § 924(c)(3)(A). The Court explained: "[U]nder the D.C. Code the 'force and violence' [element] could have been satisfied by a minimal level of force that would not qualify the offense as a crime of violence." *Id*. at 1090-91.

By relying on these authorities, this Court here can find that Hobbs Act robbery does not have the use, threatened use, or attempted use of violent force as an element.

        *b.*    *Hobbs Act robbery can be committed by threatening force that is not physical*.

Under § 1951(b), a defendant can commit Hobbs Act robbery by causing the victim to part with his property due to "fear of injury." This is another reason that Hobbs Act robbery is not a crime of violence as defined by the elements clause: it can be committed by threatening to cause injury by means other than mechanical impact, i.e., physical force.

The Tenth Circuit has held that to satisfy the elements clause, an element of the offense must "focus on the ***means*** by which an injury occurs (the use of physical force)" rather than "on

10

the **result** of a defendant's conduct, i.e., bodily injury." *United States v. Perez-Vargas*, 414 F.3d

1282, 1285 (10th Cir. 2005) (emphasis in original).  It has specifically "reject[ed] the view"

(espoused by some courts) "that the word **physical**" in the elements clause "relates to the effect

of the force." *United States v. Rodriguez-Enriquez*, 518 F.3d 1191, 1194 (10th Cir. 2004)

(emphasis in original).  Instead, to satisfy the elements clause, an offense must require a

defendant to cause (or threaten) pain or injury via a particular "mechanism": through transferring

kinetic injury from the defendant to the body of the victim, causing mechanical impact, as when

the victim "is struck by a fist, a bat, or a projectile." *Id*.  If the offense could be committed by

causing injury by other means, e.g., by "intentionally exposing someone to hazardous

chemicals," it does not have physical force as an element. *Id*. at 1195; *Perez-Vargas*, 414 F.3d at

1285–86.

      As in *Perez-Vargas* and *Rodriguez-Enriquez*, Hobbs Act robbery committed by causing

"fear or injury" does not have the threat of physical force as an element.  To commit Hobbs Act

robbery a defendant need not threaten to cause injury by mechanical impact, i.e., by physical

force.  Instead, a defendant can commit a robbery by threatening to cause injury through exposing

the victim to hazardous chemicals.  For example, an accused could commit bank robbery through

fear by threatening to poison the teller or warning he will use a dangerous device to release

poisonous gas, but neither threat would constitute the threatened use of violent physical force,

even though it would result in bodily harm to the teller. *See United States v. Torres-Miguel*, 701

F.3d 165, 168-69 (4th Cir. 2012) (holding that California's criminal threats statute does not

constitute a crime of violence according to the elements clause because "a defendant can violate

statutes like § 422(a) by threatening to poison another, which involves no use or threatened use

11

of force."); *see also Hartman v. State*, 403 So.2d 1030, 1030 (Fla. App. 1981) (upholding armed robbery conviction where the defendant "entered a Magic Market at about midnight and, armed with a can of mace with which he threatened the cashier, emptied the cash register and then fled with the money and sundry objects"); *State v. Lawson*, 501 S.W.2d 176, 179 (Mo. App. 1973) (defendant committed robbery by, among other things, "threaten[ing] to throw battery acid in [the victim's] eyes").  There is no reasonable likelihood that the federal courts would not uphold a Hobbs Act robbery conviction – which (as noted) is just common-law robbery with a jurisdictional element – that was committed in such a manner.

For this reason as well, the Court should hold that Hobbs Act robbery does not have the use, threatened use, or attempted use of physical force as an element.  Because Mr. Rojas's § 924(c) conviction cannot be sustained under the elements clause, this Court must proceed to consider whether § 924(c)'s residual clause survives *Johnson v. United States*.

    c. *According to **Mathis v. United States**, 18 U.S.C. § 1951 is overly broad because it can be committed by using force on property, not a person.*

In *Johnson I*, the Court stressed that the phrase 'physical force' in the elements clause "means violent force—that is, force capable of causing physical pain or injury to another person."  559 U.S. at 140.  Section § 1951 covers conduct that is outside of that description.  A person can commit a Hobbs Act robbery by doing something that merely impacts another's property, not his person.  In § 1951(b)(1), Congress said the term robbery in § 1951(a) means;

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, ***to his person or property, or property in his custody or possession***, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

(emphasis added). This means a jury would not have to find that a person used force against another, violent or not, to convict him of violating this statute: If it found the person used actual or threatened force against another's property, violent or not, it could find him guilty. The statute encompasses conduct then that is outside of that defined by § 924(c)(3)(A)'s elements clause because physical force can be directed simply at property. The Supreme Court's recent decision in *Mathis v. United States*, 579 U.S. __ , 2016 WL 3434400 (June 23, 2016) supports Mr. Rojas's argument that § 1951(a) is overly broad.

There the Court began by reiterating that a crime of conviction will not match the elements of a particular generic definition if the statutory elements of that conviction cover more conduct than the generic definition even if the "defendant's actual conduct fits within the generic offense's boundaries." *Id*. at *3. Mathis had argued that Iowa's burglary statute was overly broad because the list of places that may be burglarized reached a broader range of places than described in the generic definition. *Id*. at 5. The Court agreed. It held that when deciding whether a prior conviction comes within a certain generic definition, "a court may not look behind the elements of a generally drafted statute to identify the means by which a defendant committed a crime." *Id*. at 9. This is so, the Court explained, because a conviction is evaluated only by the "elements" the jury "'necessarily found'" and not the "means" which "'by definition are not necessary to support a conviction.'" *Id*. (quoting *Descamps v. United States*, 570 U.S. __, __, slip op. at 11, 17 (2013)). Because the Iowa statute listed alternative means beyond those in the generic burglary definition the Court found the burglary statute to be overly broad and therefore inappropriate to serve as a predicate offense for an ACCA enhancement. *Id*. at *3.

13

Similarly here, § 1951(a) lists alternative means of committing the offense beyond what the Supreme Court has defined is "physical force" in the elements clause.  A person does not have to cause, much less threaten physical pain or injury to another person to complete a Hobbs Act robbery.  Congress has given disjunctive factual scenarios by which a person may commit robbery: He may convicted of violating § 1951(a) if he simply threatens another's property or property in his custody.  Because these alternative means are beyond the *Johnson I* definition of physical force in the elements clause, § 1951(a) is overly broad and does not fall within § 924(c)(3)(A)'s crime of violence definition.  *See Mathis*, 2016 WL 3434400 at * 4 (finding that by itemizing in the disjunctive the various places a burglary might take place, the Iowa statute is describing the means of how it can be violated rather than elements a jury must find).  The Hobbs Act robbery in Count 3 could not provide the predicate for Mr. Rojas's § 924(c)(1)(A)(iii) conviction in Count 4.

### C.   *Johnson* has invalidated § 924(c)(3)(B)'s residual clause.

Although § 924(c)'s residual clause is not identical to the ACCA's, it is materially indistinguishable and suffers from the same vagueness defects.  The ACCA's residual clause, found in 18 U.S.C. § 924(e)(2)(B)(ii), defines a crime of violence as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  Similarly, the residual clause in § 924(c)(3)(B), defines a "crime of violence" as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The residual clauses in both statutes contain the same flaws.  They fail to give any guidance, as *Johnson* observed, of how a court should "estimate the risk posed by a crime." 135 S.Ct. at 2557.  Additionally, the residual clause "leaves

14

uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* The "serious potential risk" language of the ACCA is indistinguishable from the "substantial risk" language of section 924(c)(3)(B). If anything, the absence of a list of enumerated, comparable crimes in § 924(c)(3) means this statute provides even less direction than the residual clause of the ACCA. As a consequence, the residual clause of § 924(c) cannot be used to support a conviction under the statute.

More importantly, the "substantial risk" language in section 924(c)(3)(B) is identical to the language in 18 U.S.C. § 16(b). Since *Johnson*, three circuits have found the language of § 16(b) to be sufficiently similar to that in the ACCA's residual clause as to suffer from the same constitutional defects. *See United States v. Gonzalez-Longoria*, 813 F.3d 225, 227 (5th Cir. 2016) (finding § 16 unconstitutional because its language is sufficiently similar to the ACCA's language and likewise "imprecise"); *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) (same); *Dimaya v. Lynch*, 803 F.3d 1110, 1115 (9th Cir. 2015) (applying *Johnson*, the court held that 8 U.S.C. §1101(a)(43)(F)'s crime-of-violence definition is void for vagueness to the extent that it incorporates 18 U.S.C. §16(b)'s residual clause); *but see United States v. Taylor*, 814 F.3d 340, 351, 379 (6th Cir. 2016) (finding the argument that Johnson invalidated the residual clause of § 924(c)(3) to be meritless but noting that § 16(b) appears identical to § 924(c)(3)(B) "in all material aspects.").

In *Vivas-Ceja*, the Seventh Circuit found the interpretation of § 16(b) to be indistinguishable from that of the ACCA's residual clause. Thus, it found the statute unconstitutionally vague. 808 F.3d at 723. Also, in a later case, the court cited to *Vivas-Ceja* in an opinion dismissing the government's argument that *Johnson* did not invalidate the residual

clause of § 924(c)(3).  The court authorized a successive § 2255 petition for a defendant

convicted of § 924(c) violations because the residual clause of § 924(c)(3) "is identical to 18

U.S.C. § 16(b), which we held is unconstitutionally vague under *Johnson*."  *Ruiz v. United

States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (unpublished order).

The Tenth Circuit has described the language identical to the ACCA's residual clause in

U.S.S.G. § 4B1.2(a)(2) as "similar" to the language of § 16(b)'s "substantial risk" clause.

*Tapia-Garcia v. I.N.S.*, 237 F.3d 1216, 1222, & n. 6 (10th Cir. 2001).  It has also said the

definition of "crime of violence" in 18 U.S.C. § 924(c)(3), which is identical to § 16(b)'s

definition of the same term, is "essentially identical" to the ACCA's "violent felony" definition.

*United States v. Brown*, 200 F.3d 700, 706 (10th Cir. 1999); *see also Jimenez-Gonzalez v.

Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008) (§ 16(b) and the ACCA's residual clause "contain

similar language").  Furthermore, the court has acknowledge the vagueness inherent in § 924(c),

commenting that, "The better part of five decades after [§ 924(c)'s] enactment and courts are still

struggling to say . . . . [w]hat does and doesn't qualify as a 'crime of violence.'"  *United States v.

Rentz*, 777 F.3d 1105, 1106-07 (10th Cir. 2015) (en banc).  The *Johnson* Court found that a

similar struggle with the meaning of the ACCA's residual clause supported its conclusion that

the residual clause was unconstitutionally vague.  135 S. Ct. at 2560.  Thus, in all pertinent

respects, the residual clause of § 924(c)(3) is subject to the same infirmities as the similar phrases

in the ACCA and § 16(b).  Therefore, it too must be considered invalid.

Put simply, where § 16(b) is invalid after *Johnson*, the identical wording in §

924(c)(3)(B) must also be invalid.  Even though § 924(c)'s residual clause is not word for word

identical to the ACCA's, it still suffers from exactly the same two defects.  Section 924(c)(3)(B)

imposes increased sentences when a predicate felony, "by its nature, involves a substantial risk that physical force against the person or property of another may be used."  Like the ACCA's residual clause, § 924(c)(3)'s residual clause requires judges to measure "risk" posed by imagining the ordinary case of a particular offense ("by its nature"), not by looking to the facts of any particular case.  And like the ACCA's residual clause, § 924(c)'s residual clause describes the level of risk required in imprecise terms ("a substantial risk").  *See Johnson*, 135 S. Ct. at 2561 (equating "substantial risk" with "serious potential risk"); *see also id*. at 2577 (Alito, J., dissenting) (same).  Convictions based on such vague language violate due process of law.  *See Kolender v. Lawson*, 461 U.S. 352, 357-62 (1983) (unconstitutionally vague criminal statute is unenforceable).  Thus, *Johnson* compels the conclusion that the residual clause of § 924(c)(3)(B) is invalid.[4]

---

[4]Numerous federal district courts in the Ninth Circuit have reached this conclusion after *Dimaya*.  *See United States v. Baires-Reyes*, No. 15-cr-00122-EMC-2, 2016 WL 3163049, at *3-*5 (N.D. Cal. June 7, 2016) (finding the reasoning of *Dimaya* applies to the residual clause of § 924(c)(3)(B) and, accordingly, finding § 924(c)(3)(B) void for vagueness); *United States v. Bundy, et. al.*, 2016 WL 3361490 (D.Or. June 10, 2016) (same); *United States v. Lattanaphom*, No. 2:99-00433 WBS, 2016 WL 393545, at *3-*6 (E.D. Cal. Feb. 2, 2016); *United States v. Bell*, No. 15-cr-00258-WHO, 2016 WL 344749, at *13 (N.D. Cal. Jan. 28, 2016).

A district court in Maryland also found § 924(c)(3)(B)'s residual clause unconstitutionally vague in light of *Johnson*.  In *United States v. Edmundson*, ___ F. Supp. ___, 2015 WL 9311983 (D. Md. 2015), the court held that after *Johnson*, "18 U.S.C. § 924(c)(B) is void for vagueness".  *Id*. at *1.  It reasoned that the residual clause in § 924(c) suffers from "exactly the same double indeterminacy as the ACC residual clause."  *Id*. at *4.  Both require a court "to imagine what the 'ordinary case' of the predicate crime involves in the abstract (level one indeterminacy) and then to engage in conjecture about whether the amount of risk the ordinary case involves constitutes a 'substantial risk' that physical force against the person or property of another may be used in the course of committing the predicate offense (level two indeterminacy)."  *Id*.  The court said this is exactly the same "dual indeterminacy that was fatal to the ACC residual clause."  *Id*.

**Conclusion**

Mr. Rojas was sentenced to an additional 10 years' imprisonment for violating 18 U.S.C. § 924(c)(1)(A)(iii).  As he has explained, the predicate offense for that conviction, Hobbs Act robbery, can only be a crime of violence using the residual clause definition in § 924(c)(3)(B). The Court's reasoning in *Johnson* clarifies why § 924(c)(3)(B)'s residual clause is unconstitutionally vague.  Since Mr. Rojas's § 924(c) conviction was based on that clause's crime of violence definition, his conviction is unlawful and it must be vacated.

Accordingly, Mr. Rojas asks this Court, pursuant to 28 U.S.C. § 2255 and the Due Process Clause of the Fifth Amendment, to enter an order vacating his conviction and sentence and to order a new hearing at which he can be re-sentenced for Count 3, the Hobbs Act robbery.

Respectfully submitted,

Federal Public Defender
111 Lomas Blvd., Suite 501
Albuquerque, NM 87102
(505) 346-2489

 *s/Thomas Jameson*
Thomas Jameson
Assistant Federal Public Defender
tom_jameson@fd.org

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading was served on Assistant United States Attorney Rumaldo R. Armijo by the district court's electronic filing system on June 24, 2016.  A copy was also served on the United States Probation Office on June 24, 2016.

*s/Thomas Jameson*
Thomas Jameson

Attachment A
District Court's Judgment

AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
## District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Daniel Rojas** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:05CR01618-001MCA**<br>USM Number: **31677-051**<br>Defense Attorney: **Thomas Jameson (appointed)** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **SIII and SIV of Redacted Indictment**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 1951(a)(1) | Interference with Commerce by Threats of Violence | 07/01/2005 | SIII |
| 18 U.S.C. Sec. 924(c)(1)(A)(ii) | Using and Carrying a Firearm During and in Relation to a Crime of Violence | 07/01/2005 | SIV |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| **Bernalillo** | **July 10, 2006** |
| County of Residence | Date of Imposition of Judgment |
| | **/s/ M. Christina Armijo** |
| | Signature of Judge |
| | **Honorable M. Christina Armijo**<br>**United States District Judge** |
| | Name and Title of Judge |
| | **July 26, 2006** |
| | Date Signed |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

Judgment - Page 2 of 5

Defendant: **Daniel Rojas**
Case Number: **1:05CR01618-001MCA**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 years**.

**A term of 14 years is imposed as to Count SIII. A term of 10 years is imposed to Count SIV; said terms shall run consecutively for a total term of 24 years.**

☒ The court makes these recommendations to the Bureau of Prisons:

**A Federal Correctional Institution in either Arizona or Kansas, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant must surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Judgment - Page 3 of 5

Defendant: **Daniel Rojas**
Case Number: **1:05CR01618-001MCA**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to each of Counts SIII and SIV; said terms shall run concurrently.**
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable.)
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Daniel Rojas**
Case Number: **1:05CR01618-001MCA**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to ensure compliance with all conditions of supervision. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The defendant will have no contact with the victim at anytime.**

**The defendant will not have contact (direct or indirect) with the victim at anytime.**

Defendant: **Daniel Rojas**
Case Number: **1:05CR01618-001MCA**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $200.00 | $0.00 | $7,936.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or

B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Restitution Act, it is further ordered that the defendant will make restitution to the University of New Mexico Hospital, P.O. Box 369, Albuquerque, New Mexico 87013, Reference Number 856003005, in the amount of $6,010.00. The defendant owes the victim, Emad S., a total of $1,926.00 in restitution. The Court grants defendant`s motion to waive the interest payments on the restitution.**

**Consistent with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest to a Sig Sauer, model P220, .45 auto caliber semi-automatic pistol, serial number G223648 and four rounds of Winchester brand, .45 caliber ammunition.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

Attachment B
Plea Agreement

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 0 2 2006

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA, )
                   )
      Plaintiff, )
                   )
vs. )     CRIMINAL NO. 05-1618 MCA
                   )
DANIEL ROJAS, )
                   )
      Defendant. )

## PLEA AGREEMENT

Pursuant to Rule 11(c)(2), Fed.R.Crim.P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, DANIEL ROJAS, and the defendant's counsel, Thomas B. Jameson.

## REPRESENTATION BY COUNSEL

1.    The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case.

## RIGHTS OF THE DEFENDANT

2.    The defendant further understands his rights:

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    d.    against compelled self-incrimination.

32

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The defendant hereby agrees to waive these rights and to plead guilty to Counts 3 and 4 of a five-count superseding indictment charging violation of 18 U.S.C. § 1951(a)(1), that being Interference with Commerce by Threats or Violence and 18 U.S.C. § 924(c)(1)(A)(iii), that being Using and Carrying a Firearm During or in Relation to a Crime of Violence.

## SENTENCING

4.     The defendant understands that the minimum penalty the Court can impose is:

## COUNT 3

a.     imprisonment for a period of not more than twenty (20) years; (*but see paragraph 6 a below*)

b.     a fine not to exceed $250,000.00;

c.     a mandatory term of supervised release of not less than three (3) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.     a mandatory special penalty assessment of $100.00.

## COUNT 4

a.     imprisonment for a period of not less than ten (10) years, which must run consecutive to any term of imprisonment (*but see paragraph 6 a below);*

b.     a fine not to exceed $250,000.00;

2

     c.    a mandatory term of supervised release of not less than three (3) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

     d.    a mandatory special penalty assessment of $100.00.

5.    The parties recognize that the Sentencing Guidelines are advisory, and that the court is required to consider them in determining the sentence it imposes.

6.    It is expressly understood and agreed by and between the defendant and the United States that:

     a.    The parties have entered into an AGREEMENT pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., that the defendant is to be sentenced to fourteen (14) years on Count 3, the robbery of the "Best Deal Auto Sales" and ten (10) years on Count 4, the shooting of Mr. Al-Sultan, the proprietor of the "Best Deal Auto Sales". The sentences are to run consecutive to each other for a total sentence of twenty-four (24) years.

     b.    The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(c)(2), Fed.R.Crim.P., any information that the United States believes may be helpful to the Court.

     c.    The defendant recognizes that this plea agreement has already conferred a benefit upon him and that he will file no motion for downward departure. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees that he will not seek a downward departure. If the

3

defendant in violation of this paragraph should nevertheless seek a downward departure, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## STIPULATIONS

7.      The United States and the defendant stipulate as follows:

a.      Pursuant to U.S.S.G. § 3E1.1, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Consequently, the defendant is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines.  This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes his entitlement to this reduction.

8.      The United States and the defendant understand that the above stipulation is not binding on the Court and that whether the Court accepts this stipulation is a matter solely within the discretion of the Court after it has reviewed the presentence report.  The defendant understands and agrees that if the Court does not accept the above stipulation, the defendant hereby waives the right to appeal the Court's rejection of such stipulation.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

9.      The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information.  The defendant hereby represents that he has complied with and will continue to comply with this obligation.

4

**FORFEITURE**

10.     The defendant agrees that he will forfeit to the United States all of his right, title, and interest in the following assets and properties:

       a.     A Sig Sauer, model P220, .45 auto caliber semi-automatic pistol, serial number G223648, and

       b.     four (4) rounds of Winchester brand, .45 auto caliber ammunition.

**WAIVER OF APPEAL RIGHTS**

11.     The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

**GOVERNMENT'S AGREEMENT**

12.     Provided that the defendant fulfills his obligations as set out above, the United States agrees that:

       a.     The United States will move at the time of sentencing to dismiss the remaining counts of this indictment as to the defendant.

       b.     The United States will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

13.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

14.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.   There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

15.     The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the indictment filed in this case, as well as perjury, false statement, and obstruction of justice.

## ENTIRETY OF AGREEMENT

16.     This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

6

AGREED TO AND SIGNED this 2nd day of ~~January~~ February, 2006.

DAVID C. IGLESIAS
United States Attorney

for   RUMALDO R. ARMIJO
Executive Assistant U.S. Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

    I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

DANIEL ROJAS
Defendant

THOMAS B. JAMESON
Counsel for Defendant

N:\LYoung\ARMIJO, R\Rojas, Daniel\Plea Agreement.frm

7